**AUYDA, INC. and Hotel and Restaurant Employees Union, Local 25, Plaintiffs,**

v.

**ATTORNEY GENERAL, Defendant.**

**Civ. A. No. 86–3227.**

United States District Court, District of Columbia.

Feb. 27, 1987.

---

Charles Gordon, Washington, D.C., for plaintiffs.

Michael L. Martinez, Asst. U.S. Atty., Donald B. Personette, Sp. Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM

GESELL, District Judge.

Plaintiffs challenge certain specific new filing fees established by the Attorney General for services rendered aliens by the Immigration and Naturalization Service ("INS") in immigration proceedings. The fees were established pursuant to 31 U.S.C. § 9701 (1982), following notice and comment rulemaking based on cost studies designed to determine reasonable expenses associated with each particular service involved. Fee increases over fees previously charged for the services led to plaintiffs' challenge.[1] Plaintiffs attack the propriety of charging fees for the services and argue that even if fees are allowable those set are excessive. Cross-motions for summary judgment have been filed and thoroughly considered along with the administrative record, affidavits and other supporting material.

The proposed fees were promulgated in 51 Fed.Reg. 39,993 (Nov. 4, 1986) and became effective December 4, 1986. The services and fees specifically challenged by plaintiffs are as follows:

| | | |
|---|---|---|
| Form I–246 | Applications for stay of deportation filed with the director of the Immigration and Naturalization Service 2 | From $70 to $125 |
| Form I–290A | Appeals to the Board of Immigration Appeals in any proceeding except a bond decision 3 | From $50 to $110 |

---

1. Plaintiffs are organizations engaged in part in counseling and representing aliens. They allege the fee increases will thwart their organizational activities and therefore have standing to challenge the fee increases. *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 379, 102 S.Ct. 1114, 1124, 71 L.Ed.2d 214 (1982); *Action Alliance,* 789 F.2d 931, 937 (D.C.Cir.1986).

2. *See* 8 C.F.R. § 243.4 (1986).

3. *See, e.g.,* 8 C.F.R. §§ 3.8, 103.5, 242.22, 246.8 (1986).

| Motions to reopen or reconsider decision of Immigration Judge or Board of Immigration Appeals 4 | From $50 to $110 |

■ The Attorney General possesses authority to impose fees for immigration proceedings under the federal user-fee statute, 31 U.S.C. § 9701 (1982). This provision expresses "the sense of Congress that each service or thing of value provided by an agency ... to a person ... is to be self-sustaining to the extent possible," and authorizes the head of each agency to "prescribed regulations establishing the charge for a service or thing of value provided by the agency." 31 U.S.C. § 9701(a) & (b). In the implementation of the statute it is recognized that "a reasonable charge 'should be made to each *identifiable recipient* for a measurable unit or amount of Government service or property from which [the recipient] derives a special benefit.' " *Federal Power Commission v. New England Power Co.*, 415 U.S. 345, 349–51, 94 S.Ct. 1151, 1154–55, 39 L.Ed.2d 383 (1974) (emphasis in original) (citing Bureau of the Budget Circular No. A–25, Sept. 23, 1959). Aliens paying the fees involved here are seeking a special, individual benefit through invocation of procedures with readily measurable content, and imposition of fees is therefore proper.[5]

Plaintiffs also challenge the amount of the fees. The user-fee statute mandates that each fee shall be "fair" and based on: (1) "the costs to the Government"; (2) "the value of the service or thing to the recipient"; (3) "public policy or interest served"; and (4) "other relevant facts." 31 U.S.C. § 9701(b).

4. *See* 8 C.F.R. § 3.3 (1986).

5. The Attorney General also claims authority to impose the fees under 8 U.S.C. § 1103 (1982), which confers broad general authority on the Attorney General to administer and enforce the immigration laws. Given the above the Court does not address this claim.

6. *See* Defendant's Opposition to Plaintiff's Motion for Summary Judgment at 10 n. 6. Plaintiffs suggest that the Form I–246 fee for applications for stay of deportation applies when such an application is filed with an immigration judge or the Board of Immigration Appeals,

In this particular instance plaintiffs' counsel, a knowledgeable immigration specialist and practitioner, has focused much of his attention on certain services which he claims are minor and involve only perfunctory treatment by the INS and therefore, he suggests, cannot possibly justify the fee imposed. The Attorney General has clarified that one serviced focused on is not covered by the fees,[6] and as to another has rescinded the fee increase to allow reevaluation of the proper fee.[7] It is after taking cognizance of these representations that the Court turns to consideration of other issues raised by plaintiffs.

Plaintiffs' principal concern appears to be directed at the possible deterrent effect of these increased fees upon the ability of aliens to pursue well-recognized rights under existing procedures, primarily relating to deportation or imposition of some other strong sanction. However, plaintiffs have presented no concrete evidence that the new fees, which have been in effect for several weeks, significantly deter aliens from pursuing their rights. Moreover, these concerns are wholly overstated inasmuch as INS regulations excuse the requirement to pay in the event the alien certifies inability to pay. 8 C.F.R. § 103.-7(c)(1) (1986). There is no suggestion in the papers that the Attorney General intends in any way to withhold liberal exercise of this waiver provision and the Court is confident he will proceed in the manner represented by his counsel.

■ Plaintiffs' second challenge to the level of the fees questions the accuracy of the underlying cost accounting supporting the fees for the services challenged, alleg-

objecting that such applications are ordinarily summarily denied. The Attorney General has clarified that this fee applies only to administrative applications usually requiring several hours of review. *See id.* at 9–10 & n. 6.

7. *See id.* at 8 n. 5. The new $110 fee for motions to reopen or reconsider originally applied to all such motions under the immigration laws but the Attorney General has decided to further study the cost of motions not presented to an Immigration Judge or the Board of Immigration Appeals, because the previous cost study may have been inadequate, and pending this review will charge the previous $50 fee.

**36**

ing the fees are arbitrarily and capriciously unreasonable. This attack will not withstand analysis. As the Attorney General has carefully documented, the fees were adopted based on a two-year process of extensive agency-wide review, utilizing careful cost accounting and full public notice and comment, and addressing at least 38 different fees on a comprehensive basis. Plaintiffs have offered no contrary accounting analysis but rely rather on an impression gained through plaintiffs' counsel's practical experience suggesting that the amount of time allocated to the particular services may be overstated. Much of this presentation is of little consequence given the Attorney General's clarification of the scope of services involved.[8]

As the Court of Appeals for this circuit has stated in an analogous context, "[t]o be valid, a fee need only bear a *reasonable* relationship to the cost of the services rendered by the agency." *National Cable Television Association v. FCC*, 554 F.2d 1094, 1108 (D.C.Cir.1976) (emphasis in original); *see also Air Transport Association of America v. CAB*, 732 F.2d 219 (D.C.Cir. 1984). The Attorney General's supporting affidavits and studies remain reliable and easily meet this standard as well as that prescribed by the user-fee statute itself. The fees are no greater than the rough actual cost of providing the services and for two significant services—appeals to the Board of Immigration and motions to reopen or reconsider a decision of the Board—the fees are less than half the cost to the agency.[9]

 Plaintiffs' final challenge to the amount of the fees involves the assertion that they are excessive compared with certain court fees and emphasizes that other agencies are not charging for similar services within the purview of the statutes they administer. None of these observations are relevant. Each agency is entitled to set its own fees as it chooses and make its own decisions. The acts of one are not controlling on another.

Accordingly, it appearing that the service fees were established through appropriate administrative procedures after adequate cost analysis and with opportunity for public participation, and that they are in all respects consistent with the statutes being implemented, summary judgment must be granted to the Attorney General and denied to plaintiffs. An appropriate Order is filed herewith.

### ORDER

Upon consideration of the parties' cross-motions for summary judgment, the administrative record, the affidavits submitted and the entire record herein, for the reasons stated in an accompanying memorandum filed herewith, it is hereby

ORDERED that plaintiffs' motion for summary judgment is denied; and it is further

ORDERED that defendant's motion for summary judgment is granted, and the complaint dismissed with prejudice.

---

8. See *supra* notes 6 and 7.

9. The cost to the agency for these services was determined to be approximately $265, although a fee of only $110 was set.